UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DASHONE MARCEL REYNOLDS #2506344** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1009** |
| **CRIMINAL DISTRICT COURT ORLEANS PARISH, ET AL.** | **SECTION: "T"(3)** |

## REPORT AND RECOMMENDATION

Dashone Marcel Reynolds, a state pretrial detainee, filed this federal civil action pursuant to 42 U.S.C. § 1983.[1]  He sued the Orleans Parish Criminal District Court, Judge Jonathan Friedman, and Assistant District Attorney Sarah Dawkins.  In this lawsuit, plaintiff claims that his constitutional rights were violated during his preliminary hearing when a witness was allowed to testify via Zoom.

Plaintiff filed this action *in forma pauperis*.  Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A.  That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

---

[1] Rec. Doc. 5.

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

---

[2] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Although broadly construing the complaint,[3] the undersigned recommends that, for the following reasons, the complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

## I. Section 1983 Claims

Plaintiff filed this lawsuit on a form to be used by inmates seeking relief pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

To the extent that plaintiff is indeed seeking relief pursuant to § 1983, his claims should be dismissed for the following reasons.

### A. Claim Against the Orleans Parish Criminal District Court

Plaintiff has named the Orleans Parish Criminal District Court as a defendant in this lawsuit. However, the claim against that defendant is barred by the Eleventh Amendment to the United States Constitution.

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. Despite the wording of that amendment, the United States Supreme Court has held: "For over a century, however, we have recognized that the States' sovereign immunity is not limited to the literal terms of the Eleventh Amendment. Although the text of the Amendment refers only to suits against a State by citizens of another State, we have repeatedly held that an unconsenting State also is immune from suits by its own citizens." Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 446 (2004) (citation omitted). Further, the United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. Williams v. Dallas Area Rapid Transit, 242 F.3d 315, 318 (5th Cir. 2001). When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts. See LA.REV.STAT. ANN. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by "unequivocally" expressing its intent to do so and by acting "pursuant to a valid exercise of power." Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank, 527 U.S. 627, 634, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999). We note that in enacting § 1983, Congress did "not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States." Quern v. Jordan, 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002).

As a state court, the Orleans Parish Criminal District Court is protected by the Eleventh Amendment, and so this Court lacks subject-matter jurisdiction over plaintiff's § 1983 claim against that state court. Rackley v. Louisiana, Civ. Action No. 07-504, 2007 WL 1792524, at *3

(E.D. La. June 21, 2007); accord Cain v. City of New Orleans, Civ. Action No. 15-4479, 2016 WL 2742374 (E.D. La. May 11, 2016).[4]

### B.  Claim Against Judge Jonathan Friedman

Plaintiff has also sued Judge Jonathan Friedman, the judicial officer who presided over the preliminary hearing.  That claim is barred by Judge Friedman's immunity.

As to any claim against Judge Friedman in his official capacity, such a claim is in reality a claim against the state itself, and, therefore, it is likewise barred by the Eleventh Amendment. Rackley, 2007 WL 1792524, at *3.

Additionally, any claim against Judge Friedman in his individual capacity is barred by his absolute judicial immunity.  As was thoroughly explained by former United States Magistrate Judge Joseph C. Wilkinson in a Report and Recommendation subsequently adopted by United States District Judge Lance M. Africk:

> For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citing Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11.  This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11.  Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).
> In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief.  Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).  However, the

---

[4] Furthermore, even if that were not true, plaintiff's claim would still fail for another reason:  As a state court, the Orleans Parish Criminal District Court simply is not a "person" subject to suit under § 1983.  Rackley, 2007 WL 1792524, at *3.

> Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.
>
> The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a state judge in his official capacity. Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F.Supp.2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available in this Section 1983 action against [a state judicial officer]. Tesmer v. Granholm, 114 F.Supp.2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F.Supp.2d at 210.
>
> Furthermore, to whatever extent, if any, that [a plaintiff] seeks an order … directing the judge to take action concerning [the] plaintiff's state court proceedings, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S.Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). [A federal] court is without authority to order officials of the state court having jurisdiction over [a] plaintiff's criminal case to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

Hood v. Commissioner Foil, Civ. Action No. 15-5853, 2013 WL 6174614, at *3 (E.D. La. Nov. 21, 2013); accord Gemelli v. Louisiana, Civ. Action No. 19-13424, 2020 WL 3317033, at *6-7 (E.D. La. Apr. 29, 2020), adopted, 2020 WL 3297078 (E.D. La. June 18, 2020), appeal dismissed, No. 20-30426, 2021 WL 7953176 (5th Cir. Oct. 13, 2021).

### C. Claim Against Assistant District Attorney Sarah Dawkins

Plaintiff has likewise sued Assistant District Attorney Sarah Dawkins for her role in the state criminal proceeding. That claim is barred by Dawkins' absolute prosecutorial immunity.

Absolute prosecutorial immunity protects prosecutors against claims based on actions they have taken as the state's advocates in criminal court. As the United States Fifth Circuit Court of Appeals has explained:

> A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as advocate for the state in the courts, or when her conduct is intimately associated with the judicial phase of the criminal process. …
> … Our decisions applying those of the Supreme Court make clear that prosecutors enjoy absolute immunity for acts taken to initiate prosecution, and that this absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently.

Loupe v. O'Bannon, 824 F.3d 534, 539 (5th Cir. 2016) (citations, quotation marks, and brackets omitted).

## II. Habeas Corpus Relief

Lastly, the Court notes that one form of relief plaintiff requests is release from custody.[5] In addition to the foregoing obstacles, plaintiff faces another with respect to that request: release from custody simply is not a form of relief available in a civil rights action brought pursuant to 42 U.S.C. § 1983; rather, it must be sought in a habeas corpus proceeding. See Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).[6] Moreover, when seeking federal habeas corpus relief, an inmate must bring the action against his custodian,[7] and he must first exhaust his remedies in the state courts.[8]

---

[5] Rec. Doc. 5-1, p. 5.
[6] Specifically, pretrial detainees, such as plaintiff, may seek release pursuant to 28 U.S.C. § 2241. See, e.g., Martinez v. Caldwell, 644 F.3d 238, 242 (5th Cir. 2011); Lewis v. Young, No. 93-1309, 1993 WL 241788, at *1 (5th Cir. June 22, 1993).
[7] "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfield v. Padilla, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Therefore, in a habeas corpus proceeding filed pursuant to § 2241, the proper respondent is the petitioner's immediate custodian. See Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974).
[8] The United States Fifth Circuit Court of Appeals has held:

> Section 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed

Here, not only is plaintiff's custodian not a party, but there is also no indication that plaintiff has exhausted his remedies in the state courts. Further, in any event, it must be noted that plaintiff already has **numerous** federal applications for habeas corpus relief pending in this Court: Reynolds v. Orleans Criminal District Court, Civ. Action No. 22-200 "R"(2); Reynolds v. Orleans Parish Magistrate Court, Civ. Action No. 22-247 "R"(2); Reynolds v. New Orleans Homicide Division, Civ. Action No. 22-468 "R"(2); Reynolds v. Orleans Public Defenders Office, Civ. Action No. 22-533 "R"(2); Reynolds v. District Attorney's Office, Civ. Action No. 22-562 "R"(2); Reynolds v. Orleans Criminal District Court, Civ. Action No. 22-606 "R"(2); Reynolds v. Criminal District Court, Civ. Action No. 22-901 "R"(2); Reynolds v. Orleans Parish Magistrate Court, Civ. Action No. 22-946 "R"(2); Reynolds v. LeBlanc, Civ. Action No. 22-1023 "R"(2); Reynolds v. Hull, Civ. Action No. 22-1051 "T"(2); Reynolds v. Davis, Civ. Action No. 22-1234 "E"(5); and Reynolds v. LeBlanc, Civ. Action No. 22-1328 "M"(5).

Accordingly, although this Court has the discretion to construe the complaint in part as a habeas corpus petition, it should decline to do so.

---

holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.

Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973). The Court of Appeals has further held:

[A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

The highest state court in Louisiana is the Louisiana Supreme Court. See La. Const. art. V, § 5(A). Therefore, a Louisiana pretrial detainee generally cannot proceed to federal court pursuant to § 2241 unless he has first presented his claims to the Louisiana Supreme Court.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against the Orleans Parish Criminal District Court and Judge Jonathan Friedman in his official capacity be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction pursuant to the Eleventh Amendment.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Judge Jonathan Friedman in his individual capacity and Assistant District Attorney Sarah Dawkins be **DISMISSED WITH PREJUDICE** as frivolous, for failing state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __19th__ day of May, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**